# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD ALAN SCHNEIDER, | Case No. 1:14-cv-0034-SKO |
| Plaintiff, | **ORDER DENYING MOTION TO AMEND THE JUDGMENT** |
| v. | (Doc. 30) |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security, | |
| Defendant. | |

## I. INTRODUCTION

On March 23, 2015, the Court granted Plaintiff Donald Alan Schneider's ("Plaintiff") appeal from the administrative decision of the Commissioner of Social Security and entered judgment in favor of Plaintiff, and against Defendant Carolyn W. Colvin, Acting Commissioner of Social Security (the "Commissioner" or "Defendant"). (Doc. 25.) Presently before the Court is the Commissioner's motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), timely filed on April 20, 2015. (Doc. 30.)

## II. BACKGROUND

Plaintiff filed an application for Disability Insurance Benefits ("DIB") on August 31, 2007, alleging an onset of disability on August 31, 2007. (Administrative Record ("AR"), at 574; 1182.) Plaintiff's application was denied initially and again on reconsideration. Plaintiff requested a

hearing before an administrative law judge ("ALJ") which was held on November 17, 2009. (AR 27-65.)  On January 10, 2010, the ALJ issued a decision finding Plaintiff not disabled. (AR 15-22.)  Plaintiff sought review of that decision before the Appeals Council, which was denied, and Plaintiff sought judicial review.  The district court remanded for further administrative proceedings (AR 1039-70); an additional hearing was held before a new ALJ on February 12, 2013.  (AR 973-1004.)  On March 15, 2013, the ALJ issued a partially favorable decision, finding Plaintiff was disabled from August 31, 2007, through June 15, 2009, but medical improvement occurred and Plaintiff was not disabled on or after June 16, 2009.  (AR 932-47.)

Plaintiff filed exceptions to the ALJ's decision with the Appeals Council on April 15, 2013.  (AR 5-8.)  The Appeals Council determined the ALJ fully considered and evaluated the evidence and reached an appropriate conclusion on the issues.  (AR 920-24.)  Therefore, the Appeals Council found no basis to assume jurisdiction of the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner.  20 C.F.R. §§ 404.981, 416.1481. Plaintiff then sought judicial review in this Court pursuant to 42 U.S.C. §§ 405(g), arguing, *inter alia*, the ALJ gave inadequate reasons for rejecting the opinion of Plaintiff's treating physician, clinical psychiatrist Dr. A.A. Howsepian, M.D., Ph.D., and found medical improvement had occurred despite the weight of evidence within the record.  (*See* Doc. 17.)

The Court determined that there was not substantial evidence within the record supporting the ALJ's finding of medical improvement in 2009, and therefore Plaintiff's benefits should not have been terminated as of June 16, 2009.  (Doc. 25, pp. 22-26.)  Because benefits wrongfully terminated should be reinstated without further agency proceedings in the Ninth Circuit and the Commissioner reviews a claimant's disability status every three years, the Court remanded the matter only for the reinstatement of benefits.  (Doc. 25, pp. 26-27.)

Following the Court's order, the Commissioner filed a Rule 59(e) motion to alter or amend the judgment.  (Doc. 30.)  The Commissioner concedes that "in finding Plaintiff was disabled for a closed period of time, the ALJ improperly conducted the required medical improvement analysis." (Doc. 30, p. 2.)  The Commissioner contends the Court erred, however, in "treat[ing] the ALJ's finding of a temporary period of disability as a permanent or continual finding[,]" by crediting Dr.

Howsepian's opinion as true rather than remanding for further development of the record, and in "reinstating" benefits. (Doc. 30, pp. 2-5.) Plaintiff has filed an opposition. (Doc. 34), and the Commissioner filed a reply brief (Doc. 35).

### III. LEGAL STANDARD

Parties seeking reconsideration should demonstrate "new or different facts or circumstances [which] are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." E.D. Cal. L. R. 230(j); *see United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (reconsideration appropriate for a change in the controlling law, facts, or other circumstances; a need to correct a clear error; or a need to prevent manifest injustice); *Gordon v. Astrue*, No. 2:10-CV-1198-GGH, 2011 WL 5041217 at *1 (E.D. Cal. Oct. 24, 2011) ("[D]ecisions on legal issues made in a case should be followed unless there is substantially different evidence[, ] new controlling authority, or the prior decision was clearly erroneous and would result in injustice.") (internal quotation omitted). "To succeed [on a Rule 59(e) motion], a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2011).

"While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources . . . A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 943, 945 (9th Cir. 2003) (internal citation omitted); *see also McQuillion v. Duncan*, 342 F.3d 1012, 1013 (9th Cir. 2003); *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (a Rule 59(e) motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.") (internal quotations omitted).

"A motion for reconsideration may not be used to get a second bite at the apple." *Campion v. Old Repub. Home Protection Co., Inc.*, No. 09-CV-00748-JMA(NLS), 2011 WL 1935967, at *1

(S.D. Cal. May 20, 2011). The purpose of Rule 59(e) is *not* to "give an unhappy litigant one additional chance to sway the judge. [A]rguments and evidence [that] were previously carefully considered by the Court, [ ] do not provide a basis for amending the judgment." *Kilgore v. Colvin*, No. 2:12-CV-1792-CKD, 2013 WL 5425313 at *1 (E.D. Cal. Sept. 27. 2013) (internal quotations omitted). It is not a method by which to raise arguments or present evidence for the first time when they could reasonably have been raised earlier, *see School Dist. No. 1J, Multnomah County, Or. v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993), or to reargue an issue, *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001).

"Mere doubts or disagreement about the wisdom of a prior decision" is insufficient to warrant granting a Rule 59(e) motion. *Campion*, 2011 WL 1935967 at *1 (quoting *Hopwood v. Texas*, 236 F.3d 256, 273 (5th Cir. 2000)). For a decision to be considered "clearly erroneous" it must be "more than just maybe or probably wrong; it must be dead wrong." *Id.* A "movant must demonstrate a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id.* (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)).

### IV.   ANALYSIS

In her Rule 59(e) motion, the Commissioner does not contend that the Court erred in determining the ALJ improperly discounted the credibility of Plaintiff's long-time, treating physician, Dr. Howsepian. The Commissioner also does not present new law or facts as a basis for altering the Court's judgment. (*See* Docs. 30; 35.) Instead, the Commissioner contends the Court made an error of law by remanding the matter for the reinstatement of benefits, rather than remanding for reconsideration and further development of the record. (Docs. 30, pp. 2-5; 35, pp. 2-7.) Plaintiff opposes the Commissioner's motion, asserting the Commissioner failed to carry her burden to prove medical improvement, remand to the agency to "revisit" the evidence would serve no useful purpose, and the Court appropriately remanded for "reinstatement of benefits" without any further agency proceedings. (Doc. 34, pp. 2-4.)

In its March 23, 2015, order remanding for reinstatement of benefits, the Court found that the ALJ committed *legal error* by failing to provide legitimate reasons for rejecting treating physician Dr. Howsepian's opinion on the basis of isolated treatment notes reflecting temporary

4

improvement and by relying on his own opinion as to the extent of Plaintiff's impairment and functionality. (*See* Doc. 25, pp. 22-26.) In considering the Commissioner's argument[1] that the ALJ provided legally sufficient reasons for discounting Dr. Howsepian's medical opinion, the Court observed that

> . . . Without a medical opinion regarding the improvement the ALJ inferred from Dr. Howsepain's treating notes and VA progress notes, the ALJ's interpretation of medical improvement is merely a substitute for Dr. Howsepian's October 2008 and August 2012 opinions that Plaintiff had extreme limitations in his ability to relate to others in a workplace setting and that he was wholly unable to work. Notations of improvement in mood or appearance do not contradict or undermine Dr. Howsepian's explanation as to Plaintiff's functionality with others in a work setting or those in authority over him.

(Doc. 25, p. 26.)  Because the Court could not conclude "there [wa]s substantial evidence supporting the ALJ's finding of medical improvement in 2009, Plaintiff's benefits should not have been terminated as of June 16, 2009." (Doc. 25, pp. 26-27.)  Because "benefits wrongfully terminated should be reinstated without further agency proceeding[,]" the Court remanded the matter to the agency only for the reinstatement of benefits. (Doc. 25, p. 27 (quoting *Iida v. Heckler*, 705 F.2d 363, 365 (9th Cir. 1983)).)

**A.   There Was No Evidence of Medical Improvement Supporting a Finding that Plaintiff Was Not Disabled from His Alleged Onset Date through His Date Last Insured**

The Commissioner concedes that the Court properly determined that "in finding Plaintiff was disabled for a closed period of time, the ALJ improperly conducted the required medical improvement analysis." (Doc. 30, p. 2.) The Commissioner contends, however, that the Court erred by treating "the ALJ's finding of a temporary period of disability as a permanent or continual finding[,]" arguing that "the record overall showed that Plaintiff was disabled for only part of the time he claimed to be." (Doc. 30, p. 2.)

It is well established that once an applicant for Social Security disability benefits has carried her burden of proving disability, "a presumption of continuing disability arises in her favor." *Bellamy v. Sec'y of Health & Human Servs.*, 755 F.2d 1380, 1381 (9th Cir. 1985) (citing

---

[1] The Court will not exhaustively repeat the substance of its March 23, 2015, order, and refers the parties to that order for details as to the Court's earlier findings and holdings.

*Murray v. Heckler*, 722 F.2d 499, 500 (9th Cir. 1983)); *see Perry v. Heckler*, 722 F.2d 461, 464 (9th Cir.1983) (affirming that a claimant "enjoys a presumption of continued disability created by a prior finding of disability"). "The Commissioner then bears the burden of producing evidence sufficient to rebut this presumption of continuing disability[.]" *Bellamy*, 755 F.2d at 1381.

In order to decide whether a claimant's disability has continued, the Commissioner must determine if there has been medical improvement in the claimant's impairments and, if so, whether this medical improvement is related to the claimant's ability to work. 20 C.F.R. §§ 404.1594(a) & 416.994(a) & (b). For the purpose of determining whether medical improvement has occurred, the Commissioner is required to compare the current medical severity of the impairments that were present at the time of the most recent favorable medical decision that the claimant was disabled with the medical severity of those impairments at the current time. 20 C.F.R. §§ 404.1594(b)(7) & 416.994(b)(1)(i). "A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with [the] impairment(s)." 20 C.F.R. §§ 404.1594(b)(1) & 416.994(b)(1)(i). Even where medical improvement related to the claimant's ability to work has occurred, the Commissioner must show that the claimant is currently able to engage in substantial gainful activity before finding that the claimant is no longer disabled. 20 C.F.R. §§ 404.1594(a) & 416.994(b).[2]

Here, the ALJ determined that Plaintiff had been disabled from August 31, 2007, through June 15, 2009, but medical improvement had occurred and therefore Plaintiff was not disabled on or after June 16, 2009. (AR 932-47.) The Court determined that the ALJ's finding of medical improvement was unsupported by substantial evidence within the record, and therefore no medical improvement had occurred. (Doc. 25, pp. 22-26.) As the Court discussed in its order, there was

---

[2] This is an unusual case in that the ALJ found disability for a closed period, but then found Plaintiff not disabled on or after June 16, 2009, through the date of the ALJ's decision. Thus, the ALJ both awarded and terminated benefits in the same decision. Thus, this is not a continuing disability case, *i.e.*, where the claimant was deemed disabled by the agency prior to a subsequent ALJ decision to determine whether the claimant remained disabled. Rather, this is a closed-period disability case where the claimant was found disabled for a finite period of time starting and stopping prior to the date of the ALJ decision granting disability status. Nonetheless, whether the case is a continuing disability review case or a closed-period disability case, the Commissioner and a majority of courts employ the same eight-step sequential analysis to determine whether there has been medical improvement. *See Deronde v. Astrue*, No. 7:11-998, 2013 WL 869489, at *2 (N.D.N.Y. Feb. 11, 2013); *see also Spoken v. Colvin*, No. 12-cv-0141-TOR, 2013 WL 2456485, at *1-2 (E.D. Wash. June 6, 2013).

no other evidence within the record supporting a finding that medical improvement had occurred after June 15, 2009.  (*See* Doc. 25, pp. 22-26.)  The only medical evidence of Plaintiff's mental health after the date the ALJ determined Plaintiff's disability ended, aside from Dr. Howsepian's opinion and the VA treating notes, was a July 14, 2009, examination by Dr. Trevor D. Glenn, M.D., for purposes of Plaintiff's claim for VA benefits.  (AR 574-95.)  Dr. Glenn opined Plaintiff had "moderate symptoms" and assigned a GAF score of 55, but *did not* address Plaintiff's ability to interact with co-workers, supervisors, the general; pubic, or Plaintiff's ability to perform a job.  (AR 594-95.)  Though noting "moderate" rather than "extreme" limitations, Dr. Glenn's opinion *does not* conflict with Dr. Howsepian's opinion because Dr. Glenn never articulated an opinion regarding Plaintiff's ability to function with others in a workplace setting.  (*See* AR 574-95.)  Similarly, the Court noted that the facts that Plaintiff sporadically "navigate[d] a disagreement with his apartment manager one time with the assistance of his social worker, was able to live alone, and seemed to be making friends with other veterans in his VA complex does not contradict Dr. Howsepian's view of Plaintiff's mental limitations." (Doc. 25, p. 26.)

As the Court also noted in its order, "there was no medical evidence from which the ALJ could infer Plaintiff's condition improved in 2009 other than her own interpretation of Dr. Howsepian's treating notes and the VA progress notes." (Doc. 25, p. 26.)  In the absence of any evidence of "medical improvement in 2009, Plaintiff's benefits should not have been terminated as of June 16, 2009." (Doc. 25, pp. 26-27.)

**B.   The Court Properly Remanded the Case for "Reinstatement" of Benefits**

In its March 23, 2015, order, the Court remanded the matter to the agency for reinstatement of benefits, because "[b]enefits wrongfully terminated should be reinstated without further agency proceedings" and "no purpose is served by remanding the matter to the agency for further development of the record." (Doc. 25, p. 27 (quoting *Iida*, 705 F.2d at 365 and citing 42 U.S.C. § 421(i)).)  The Commissioner concedes that the ALJ improperly conducted the medical improvement analysis to discredit Dr. Howsepian's medical opinion of Plaintiff's mental condition and find a closed period of disability ending on June 16, 2009.  (Doc. 30, p. 2)  The Commissioner, however, contends the matter should have been remanded for further development

7

of the record because "[t]he ALJ never intended for her finding of disability to be continuous, and it is improper for a reviewing court to make that conclusion when the agency did not." (Doc. 30, pp. 2-3.)

The Court has discretion to remand a case for further evidence or to award benefits. 42 U.S.C. § 405(g) ("[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.") ; *see Harman v. Apfel*, 211 F.3d 1172, 1173-74 (9th Cir. 2000). "Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, [the Court] credit[s] that opinion 'as a matter of law.'" *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (quoting *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989)). This Circuit has held that an action should be remanded for an award of benefits where (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, (2) no outstanding issue remains that must be resolved before a determination of disability can made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were the rejected evidence credited as true. *See, e.g., Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004); *Varney v. Sec'y of HHS*, 859 F.2d 1396, 1400 (9th Cir. 1988). If this test is satisfied, then remand for a finding of disability is warranted, regardless of whether the ALJ might have articulated a different justification for rejecting opinion evidence. *See Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000); *see also Varney*, 859 F.2d at 1399 ("Generally, we direct the award of benefits in cases where no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed." (citation omitted)). "[A]pplying the [credit-as-true] rule is not mandatory when, even if the evidence at issue is credited, there are 'outstanding issues that must be resolved before a proper disability determination can be made.'" *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010) (quoting *Vasquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2009)).

The test for award of benefits on remand has been met in this matter. *See Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir.1996). Here, the ALJ failed to provide legally sufficient reasons for rejecting Dr. Howsepian's medical opinion, the medical evidence has been sufficiently

developed, and further administrative proceedings would serve no useful purpose. The Commissioner argues that even if Dr. Howsepian's opinion were fully credited, remand for an award of benefits is not warranted because "[t]he ALJ never intended for her finding of disability to be continuous, and it is improper for a reviewing court to make that conclusion when the agency did not . . . . In this case, while it was valid for the Court to find the ALJ did not properly conduct the medical improvement analysis, it erred by essentially finding that a proper analysis was unnecessary and simply carrying over the ALJ's closed period of disability indefinitely." (Doc. 30, pp. 2-3.)[3] The Commissioner further contends that a remand for an award of benefits is not warranted because "given the Court's finding that the ALJ improperly found medical improvement, obtaining additional medical evidence or expert testimony upon remand would aid in that analysis" and "[t]he fact that the ALJ did not correctly assess medical improvement does not forgo the possibility that she *could* have properly conducted that analysis – that is to say, this record does not imply only one conclusion, that Plaintiff remained disabled at all times." (Doc. 30, p. 3 (emphasis in original).) Essentially, the Commissioner acknowledges the ALJ improperly conducted the medical improvement analysis, but argues that remand is warranted because the ALJ "*could* have properly conducted that analysis." (Doc. 30, pp. 2-3.) This argument is without merit.

In finding medical improvement where there was none, the ALJ failed to provide legally sufficient reasons for rejecting Dr. Howsepian's medical opinion as to Plaintiff's mental limitations. (*See* Doc. 25, pp. 24-27.) Contrary to the Commissioner's assertion, the fact that the ALJ "*could* have properly conducted [the medical improvement] analysis" does not create an outstanding issue warranting remand to the agency for reconsideration. *See Harman*, 211 F.3d at 1178-79 (the fact that the ALJ *might* have articulated another justification for rejecting the physician's opinion does not create an outstanding issue precluding remand for determination and payment of benefits). Although the "credit-as-true" rule is not mandatory, *see Connett v.*

---

[3] However, anytime a reviewing court reverses an ALJ's disability determination and awards benefits, the claimant is deemed disabled until a subsequent review of the disability determination pursuant to 20 C.F.R. §§ 404.1590(d), 416.990(d). The Commissioner has not explained how reversing the medical improvement finding of the ALJ that supports a closed-period of disability creates a material distinction from a case where the ALJ's non-disability finding is reversed and benefits are awarded.

*Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003), the Court finds that its application is warranted in this case, where the record has been sufficiently developed and further administrative proceedings would serve no useful purpose.

Further, contrary to the Commissioner's contention, no useful purpose would be served by remanding the matter to "obtain[ ] additional medical evidence or expert testimony . . . to aid in that analysis." (Doc. 30, p. 3.) Dr. Howsepian was Plaintiff's treating physician for nearly a decade and is the *only* physician who opined to Plaintiff's functionality in relationship to others in a work setting between June 17, 2009, through 2012. (*See* Doc. 25, pp. 24-27.) Nor does the Commissioner state what useful purpose would be served by remanding for further development of the record. A retrospective opinion by a reviewing physician of Plaintiff's medical records six years ago will not serve to establish or discredit Plaintiff's extreme limitations in his ability to relate to others in a workplace setting or his claim that he was wholly unable to work; similarly, a current examination or consultation will not have any bearing on Plaintiff's ability to work between June 17, 2009, and 2012. The opinion and treating records of Plaintiff's long-time treating psychiatrist Dr. Howsepian are the best evidence of Plaintiff's condition between 2009 and 2012, these records and his opinion are contained within the record, and Dr. Howsepian's opinion has been credited as true. There are no outstanding issues to be resolved before determining that Plaintiff was disabled after June 16, 2009, and that the ALJ's finding of medical improvement improperly and erroneously terminated Plaintiff's disability benefits after that date.

"Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *Benecke*, 379 F.3d at 595. "Remanding a disability claim for further proceedings can delay much needed income for claimants who are unable to work and are entitled to benefits, often subjecting them to 'tremendous financial difficulties while awaiting the outcome of their appeals and proceedings on remand.'" *Id*. Because the ALJ erroneously found medical improvement after June 16, 2009, and therefore improperly terminated Plaintiff's benefits as of that date, the Commissioner should not be given endless opportunities to correct her mistakes while Plaintiff waits for an error-free decision. *See Hammock v. Bowen*, 879 F.2d 498, 503 (9th Cir. 1989). The record is fully

developed and, considering the evidence that the ALJ improperly discredited, a finding of disability from June 16, 2009, is required.

The Commissioner finally contends that regardless, the Court "erred by concluding that the agency must 'reinstate' benefits" because "Plaintiff has received no benefits that could be 'reinstated.'" (Doc. 30, p. 5.) The Commissioner emphasizes that "Plaintiff *contested* the ALJ's partially favorable decision" that he had been disabled from August 31, 2007, through June 15, 2009, and therefore "he was never receiving benefits that a reviewing court could 'reinstate.'" (Doc. 30, p. 5 (emphasis in original).) This argument is without merit.

The ALJ determined that Plaintiff was disabled from August 31, 2007, through June 15, 2009, and that due to medical improvement as of June 16, 2009, Plaintiff's disability benefits ceased on June 15, 2009, and he was no longer disabled. As discussed at length in the Court's March 23, 2015, order and as set forth above, the ALJ's findings that Plaintiff's disability ended on June 15, 2009, was erroneous. (*See also* Doc. 25, pp. 27-27.) The cessation of Plaintiff's disability benefits was, therefore, erroneous, and "[b]enefits wrongfully terminated should be reinstated without further agency proceedings." *Iida*, 705 F.2d at 365. Plaintiff's wrongfully terminated benefits must be "reinstated" as of the date they were wrongfully terminated, June 16, 2009 – even if no payments have yet been made. *Iida*, 705 F.2d at 365; *see also Sandoval v. Astrue*, No. CIV S-09-1635 DAD, 2010 WL 5233007 at *9-13 (E.D. Cal. Dec. 16, 2010) (remanding for reinstatement of benefits where the ALJ erroneously rejected the claimant's testimony and substantial evidence did not support the medical improvement finding).

In sum, the Commissioner's argument fails to show clear error in the Court's prior order. The fact that the Commissioner is disappointed with the Court's decision and seeks "one additional chance to sway the [Court]" by asking the Court to re-consider "arguments and evidence [that] were previously carefully considered by the Court," is not enough to "provide a basis for amending the judgment." *Kilgore*, 2013 WL 5425313 at *1; *see also United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D. Az. 1998) (a motion for reconsideration "should not be used to ask the court to rethink what the court has already though through – rightly or wrongly") (internal citations and quotations omitted). Because the Commissioner "'has brought up nothing

new – except h[er] displeasure – this Court has no proper basis upon which to alter or amend the order previously entered.  The judgment may indeed be based upon an erroneous view of the law, but if so, the proper recourse is appeal – not reargument.'"  *Kilgore*, 2013 WL 5425313 at *2 (quoting *Frito-Lay of Puerto Rico, Inc. v. Canas*, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981)); *Gordon*, 2011 WL 5041217 at *2 (quoting *Frito-Lay*, 92 F.R.D. at 390).

## V.  CONCLUSION

For the reasons set forth above, it is hereby ordered that the Commissioner's motion to alter or amend the judgment is DENIED.

IT IS SO ORDERED.

Dated:   **October 13, 2015**                        **/s/ Sheila K. Oberto**
                                                  UNITED STATES MAGISTRATE JUDGE