# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

DONALD ALAN SCHNEIDER,

        Plaintiff,

    v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.

_____/

Case No.  1:14-cv-0034-SKO

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

(Doc. 37)

## I.   INTRODUCTION

After successfully obtaining reversal of an Administrative Law Judge's ("ALJ") decision denying his application for Social Security disability benefits, Plaintiff filed an application for an award of attorney fees and expenses pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $9,895.25.  (Doc. 37.)  On January 11, 2016, Defendant filed an opposition asserting the total number of hours expended by Plaintiff's counsel was not reasonable and no attorney fees should be awarded for time Plaintiff's counsel spent in filing an opposition to Defendant's Rule 59 motion, as that motion was substantially justified.  (Doc. 37.)  On January 26, 2016, Plaintiff filed a reply brief, which requested a supplemental EAJA award of $625.95 for 3.3 hours spent on the reply brief.  (Doc. 40.)  For the reasons set forth below, Plaintiff's application for EAJA fees and expenses is GRANTED.

## II.   BACKGROUND

Plaintiff filed this action on January 9, 2014, seeking judicial review of a final administrative decision denying in part and granting in part his application for Social Security disability benefits.  On March 23, 2015, the Court issued an order reversing the ALJ's decision and ordering that benefits be paid.  (Doc. 25.)

The Court's decision was based upon the conclusion that the ALJ erred by failing to provide legitimate reasons for rejecting treating physician Dr. Howsepian's opinion on the basis of isolated treatment notes reflecting temporary improvement and by relying on the ALJ's own opinion as to the extent of Plaintiff's impairment and functionality.  (*See* Doc. 25, pp. 22-26.)  In considering Defendant's argument[1] that the ALJ provided legally sufficient reasons for discounting Dr. Howsepian's medical opinions, the Court observed that

> . . . Without a medical opinion regarding the improvement the ALJ inferred from Dr. Howsepian's treating notes and VA progress notes, the ALJ's interpretation of medical improvement is merely a substitute for Dr. Howsepian's October 2008 and August 2012 opinions that Plaintiff had extreme limitations in his ability to relate to others in a workplace setting and that he was wholly unable to work. Notations of improvement in mood or appearance do not contradict or undermine Dr. Howsepian's explanation as to Plaintiff's functionality with others in a work setting or those in authority over him.

(Doc. 25, p. 26.)  Absent substantial evidence of improvement, the Court determined the ALJ's finding of medical improvement in 2009 was error and ordered the ALJ's decision be reversed with payment of benefits.

Following the Court's order, Defendant filed a motion under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment, which was denied for failure to show clear error in the Court's prior order.  (Doc. 30.)  On December 8, 2015, Plaintiff filed a motion for EAJA fees and expenses, seeking $9,895.25.  Defendant filed an opposition asserting Plaintiff's fee request was unreasonable and that Plaintiff was not entitled to any attorney fees for his counsel's time spent opposing the Rule 59 motion, as that motion was substantially justified.  It is Plaintiff's motion for attorney fees and expenses under the EAJA that is currently pending before the Court.

---

[1]   As the parties are very familiar with the facts of this case, and because they were set forth at length in the Court's March 23, 2015, order, the Court foregoes setting forth a full recitation of the underlying administrative proceedings and the ALJ's decision.  (*See* Doc. 25.)

### III.   LEGAL STANDARD

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).  "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust."  *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed [.]"  28 U.S.C. § 2412(d)(2)(B)(i). The term "fees and other expenses" includes "reasonable attorney fees."  28 U.S.C. § 2412(d)(2)(A). "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case."  *Atkins v. Apfel*, 154 F.3d 986, 987 (9th Cir.1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA.  *Shalala v. Schaefer*, 509 U.S. 292, 300–01 (1993) ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff.").  "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded."  *Gutierrez*, 274 F.3d at 1257.

### IV.   ANALYSIS

There is no dispute Plaintiff is the prevailing party in this litigation.  Moreover, the Court finds Plaintiff did not unduly delay this litigation, and Plaintiff's net worth did not exceed two million dollars when this action was filed.  The Court thus considers below whether the government's actions were substantially justified.

1    **A.      The Government's Position was Not Substantially Justified**

2         Substantial justification means "justified in substance or in the main – that is, justified to a

3    degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)

4    (internal quotation marks and citation omitted).   In other words, the government's position must

5    have a reasonable basis both in fact and in law.  *Id.*  In considering whether the position of the

6    government is substantially justified, the position of the United States includes "both the

7    government's litigation position and the underlying agency action giving rise to the civil action."

8    *Meier v Colvin*, 727 F.3d 867, 870 (9th Cir. 2013).   In the social security context, it is the ALJ's

9    decision that is considered the "action or failure to act" by the agency.  *Id.*   Under the substantial

10   justification test, the court first considers the ALJ's decision and then considers the government's

11   litigation position in defending that decision.  *Id.*   Where the underlying ALJ decision is not

12   substantially justified, a court need not address whether the government's litigation position was

13   justified.  *Id.* at 872 (citing *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008) ("The

14   government's position must be substantially justified at each stage of the proceedings" (internal

15   quotation marks and citation omitted)).

16        Defendant argues she was substantially justified in filing a motion under Rule 59 for

17   reconsideration of the Court's order reversing the ALJ decision, and thus any hours Plaintiff's

18   counsel spent defending Defendant's motion for reconsideration should not be awarded.

19        Defendant's argument is unpersuasive.   Pursuant to *Meier*, determining whether the

20   agency's position was substantially justified requires first examining the ALJ's decision for

21   substantial justification.  727 F.3d at 870.  Here, the ALJ's rejection of Dr. Howsepian's opinions

22   after June 2009 was improper, and there was no substantial evidence to support the ALJ's finding

23   of medical improvement.   An ALJ's failure to correctly evaluate medical evidence and rendering

24   decisions that are not supported by substantial evidence are the types of fundamental agency errors

25   that are difficult to consider substantially justified.  *Thangaraja v. Gonzales*, 428 F.3d at 870, 874

26   (9th Cir. 2007) ("holding that the agency's decision . . . was unsupported by substantial evidence is

27   . . . a strong indication that the 'position of the United States' . . . was not substantially justified");

28   *see also Sampson v. Chater*, 103 F.3d 918, 921-22 (9th Cir. 1996) (ALJ's failure to make

4

1  necessary inquiries of the unrepresented claimant and his mother in determining onset date, as

2  well as disregard of substantial evidence establishing the same was not substantially justified).

3  That the Commissioner believes her litigation position before the Court was substantially justified

4  does not vitiate the error at the administrative level.  *Williams v.* Bowen, 966 F.2d 1259, 1261 (9th

5  Cir. 1991) (government's position must be "substantially justified" at "each stage of the

6  proceedings").   Moreover, the Commissioner cites no authority that a court may *reduce* the

7  number of hours awarded under EAJA based on substantial justification for some portion of the

8  government's litigation conduct in defending the agency action.  Substantial justification is one of

9  the threshold statutory requirements to determine whether EAJA fees are awardable; it is not a

10  basis to carve out hours spent by the prevailing party in responding to what Defendant asserts was

11  a substantially justified litigation position.  *INS v. Jean*, 496 U.S. 154, 166 (1990) ("'substantial

12  justification' requirement of the EAJA establishes a clear threshold for determining a prevailing

13  party's eligibility for fees").   Defendant has not satisfied her burden to show the government's

14  position was substantially justified at each stage of the proceedings.

15         In sum, Plaintiff is entitled to attorney fees and expenses under the EAJA.

16  **B.        The Hours Expended by Plaintiff's Counsel are Reasonable**

17         Defendant contends the hours Plaintiff requests are unreasonable because routine social

18  security cases take generally no more than 20 hours.  The Commissioner asserts that this is

19  especially true here because Plaintiff's counsel as she "has over 15 years of experience, has brief

20  hundreds of cases, and should not need more than the reasonable amount of time for a routine

21  case." (Doc. 39, 3:16-18.)

22         The EAJA provides for an award of "reasonable" attorney fees.   28 U.S.C. §

23  2412(d)(2)(A).  By statute, hourly rates for attorney fees under EAJA are capped at $125 per hour,

24  but district courts are permitted to adjust the rate to compensate for increases in the cost of living.[2]

25  28 U.S.C. § 2412(d)(2)(A); *Sorenson v. Mink*, 239 F.3d 1140, 1147-49 (9th Cir. 2001); *Atkins*, 154

26

27  [2] Pursuant to *Thangaraja*, 428 F.3d at 876-77 and the Ninth Circuit Rule 39-1.6, the Ninth Circuit maintains a list of
   the statutory maximum hourly rates authorized under the EAJA, as adjusted annually to incorporate increases in the
   cost of living. The rates are found on that court's website:

28  http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.  Plaintiff requests hourly rates for his counsel
   which are consistent with the statutory maximum rates as set forth by the Ninth Circuit.

F.3d at 987.  Determining a reasonable fee "requires more inquiry by a district court than finding the 'product of reasonable hours times a reasonable rate.'"  *Atkins*, 154 F.3d 988 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  The district court must consider "the relationship between the amount of the fee awarded and the results obtained."  *Id*. at 989.

Here, Plaintiff's attorney obtained an order reversing the ALJ's determination, which is a good outcome for Plaintiff.  After carefully reviewing the record and the pending motion, the Court finds the claimed 55.4 hours represent a reasonable amount of time for an attorney to expend on this particular matter, and the Court declines to conduct a line-by-line analysis of counsel's billing entries.  *See, e.g., Stewart v. Sullivan*, 810 F. Supp. 1102, 1107 (D. Haw. 1993) ("Absent any evidence of obvious 'padding' of hours that would lead the court to doubt the credibility of plaintiff's application, the court will not conduct a line by line evaluation of the application."); *Vallejo v. Astrue*, No. 2:09-cv-3088 KJN, 2011 WL 4383686, at *4 (E.D. Cal. Sept. 20, 2011).  While the issues presented may have been fairly straightforward, 55.4 hours, which included briefing on Defendant's Rule 59 motion, is within the limit of what would be considered a reasonable time spent on this action when compared to the time devoted to similar tasks by counsel in like Social Security appeals before this court.  *Thompson v. Colvin*, No. 2:12-cv-01850-AC, 2015 WL 1767733, at *2 (E.D. Cal. Apr. 16, 2015) (finding 63.4 hours to be reasonable); *Boulanger v. Astrue*, 2:07-cv-0849 DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19, 2011) (finding 58 hours to be a reasonable amount of time); *Valleyjo v. Astrue*, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be reasonable).

The administrative record was over 1,700 pages, which is unusually large, and the case has a long procedural history:  an ALJ rendered a decision in January 2010 which was appealed to the district court; the district court ordered the case remanded for additional proceedings; on remand, another hearing was held and an ALJ issued a partially favorable decision in March 2013, which was then appealed to this court.  This case thus involves over seven years of administrative and judicial proceedings and medical evidence dating from 2003.  Considering the lengthy procedural and administrative history of the case, the facts and nature of the medical evidence in question, and the size and scope of the record, the requested hours of attorney time are reasonable.  *Costa v.*

1 | *Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012).

2 | **V.   CONCLUSION**

3 |      For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's motion for

4 | EAJA fees and expenses is GRANTED in the amount of $10,521.04.[3]

5 |

6 | IT IS SO ORDERED.

7 | Dated:   **February 9, 2016**                    **/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE

[3] This represents 33.6 hours in 2014 at the rate of $190.06 ($6,386.02) (which includes a 1.5 reduction by counsel) and 21.8 hours in 2015 at the rate of $189.68 ($4,135.02) (which includes 3.3 hours of time spent on the reply brief).  The 2015 hourly rate is the amount Plaintiff requested, although the 2015 published rate on the Ninth Circuit's website is $190.28.