# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DONALD ALAN SCHNEIDER,

    Plaintiff,

v.

CAROLYN W. COLVIN,

Acting Commissioner of Social Security,

    Defendants.

Case No. 1:14-cv-00034-SKO

**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**

(Doc. 42)

## I. INTRODUCTION

On March 28, 2016, counsel for Plaintiff, Jacqueline A. Forslund, Esq., filed a motion for an award of attorneys' fees pursuant to 42 U.S.C. § 406(b). (Doc. 42.) Plaintiff was served with a copy of the motion for attorney's fees by mail on March 29, 2016. (Doc. 44.) The Commissioner filed a response to Plaintiff's motion on May 6, 2016, and Plaintiff filed his reply on May 8, 2016. (Docs. 45; 46.) For the reasons set forth below, the motion for an award of attorney's fees is GRANTED.

## II. BACKGROUND

Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying her claim for disability benefits under the Social Security Act. (Doc. 1.) On appeal, the Court ordered that the Administrative Law Judge's opinion be reversed and remanded the case for award of benefits. (Doc. 25.) The Commissioner's motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) was denied on October 14, 2015. (Doc. 36.)

On February 9, 2016, the Court granted Plaintiff's motion for attorney's fees and expenses under the Equal Access to Justice Act ("EAJA") in the amount of $10,521.04. (Doc. 41.) On February 10, 2016, the Commissioner issued a notice that retroactive disability benefits had been awarded to Plaintiff and that $21,578.25, representing 25% of Plaintiff's past-due benefits, had been withheld from Plaintiff's award of disability benefits for payment of any applicable attorney's fees. (Doc. 42-2.)

On March 28, 2016, Jacqueline Forslund filed a motion for attorney's fees in the amount of $10,253.96. (Doc. 42.) It is counsel's Section 406(b) motion for attorney's fees that is currently pending before the Court.

### III.   DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides the following in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). The Commissioner has standing to challenge the award even though a Section 406(b) attorney's fee award is not paid by the government. *Craig v. Sec'y Dep't of Health & Human Servs.*, 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807. The goal of a fee award under Section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at

807.

The twenty-five percent (25%) maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, Section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807; *see also Crawford*, 586 F.3d at 1148 (holding that Section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id.* (citing *Gisbrecht*, 535 U.S. at 807-08).

Here, the fee agreement between Plaintiff and Jacqueline Forslund provides:

> "[Plaintiff] authorizes DELLERT BAIRD to seek fees from their past due benefits totaling up to 25% of all past due benefits, pursuant to 42 U.S.C. §406(b), if [Plaintiff] is awarded benefits by the Court on appeal, or the Social Security Administration after the Court remands the case to the Social Security Administration for further proceedings."

(Doc. 42-1, p. 2 (signed December 20, 2013).)

The Court has considered the character of counsel's representation of Plaintiff and the good results achieved by counsel, which included an award of benefits. As Plaintiff's counsel,

Jacqueline Forslund spent over 55.4 hours representing Plaintiff, ultimately gaining a favorable decision after remand to the agency for an award of benefits. (Doc. 42-3.) There is no indication that a reduction of the award is warranted due to any substandard performance by Plaintiff's counsel as counsel secured a successful result for Plaintiff. There is also no evidence that Plaintiff's counsel engaged in any dilatory conduct resulting in delay.

Attorney's fees in the total amount of $20,775.00 -- the total of the amount already awarded in EAJA fees and the net amount requested in the instant motion -- represents *less* than 25% of the past-due benefits paid to Plaintiff and are not excessive in relation to the past-due award. (Doc. 42-2 (noting $21,578.25 had been withheld, representing "25 percent of past due benefits. . . . [those benefits] payable through February 2015, the month before the court's decision").)[1] *See generally Taylor v. Astrue*, No. 1:06-cv-00957-SMS, WL 836740, at *2 (E.D. Cal. Mar. 4, 2011) (granting petition for an award of attorney's fees pursuant to Section 406(b) in the amount of $20,960.00); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (recommending an award of attorney's fees pursuant to Section 406(b) in the amount of $34,500.00); *Logan-Laracuente v. Astrue*, No. 1:07-cv-00983-SMS, WL 4689519, at *2 (E.D. Cal. Nov. 10, 2010) (granting petition for attorney's fees pursuant to Section 406(b) in the amount of $23,558.62). Therefore, a net award of $10,253.96 -- 25% of the past-due benefits paid to Plaintiff less the $10,521.00 already approved in EAJA fees, is appropriate. *See* 42 U.S.C. § 406(b)(1)(A).

In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. *See Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("Because attorneys like Mr. Sackett contend with a substantial risk of loss in Title II cases, an effective hourly rate of only $450 in successful cases does not provide a basis for this court to lower the fee to avoid a 'windfall.'" (quoting *Gisbrecht*, 535 U.S. at 807)).

---

[1] The Court notes the Commissioner stated, in her opposition brief, that 25% of Plaintiff's past due benefits would actually be $19,970.39. (Doc. 45.) However, it appears the Commissioner based this number off of the total actually awarded to Plaintiff for benefits through January 2016 -- which does not take into account the $21,578.25 already set aside to account for Plaintiff's counsel's fee from past due benefits through February 2015. (*See* Docs. 42-2; 46.)

4

### IV.    CONCLUSION AND ORDER

For the reasons stated above, the Court concludes that the fees sought by Plaintiff's counsel pursuant to Section 406(b) are reasonable.

Accordingly, IT IS ORDERED that Plaintiff's counsel's motion for an award of attorney's fees pursuant to Section 406(b) in the amount of $10,253.96 is GRANTED.

IT IS SO ORDERED.

Dated:   **May 9, 2016**                                           **/s/ Sheila K. Oberto**
                                                               UNITED STATES MAGISTRATE JUDGE